**FIFTH DIVISION**
**DILLARD, P. J.,**
**REESE, P. J. and COOMER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 28, 2020**

# In the Court of Appeals of Georgia

A16A2003. NEW CINGULAR WIRELESS PCS, LLC et al. v. GEORGIA DEPARTMENT OF REVENUE et al.

DILLARD, Presiding Judge.

In *New Cingular Wireless PCS, LLC v. Georgia Department of Revenue*, 340 Ga. App. 316 (797 SE2d 190) (2017) ("*New Cingular I*"), we affirmed the grant of a motion to dismiss, holding that, under the relevant regulation, New Cingular Wireless PCS, LLC and three other AT&T Mobility subsidiaries (collectively, "AT&T") needed to first refund allegedly erroneously paid sales taxes to customers before securing a refund from the Georgia Department of Revenue.[1] But in *New Cingular Wireless PCS, LLC v. Georgia Department of Revenue*, 303 Ga. 468 (813 SE2d 388) (2018) ("*New Cingular II*"), the Supreme Court of Georgia reversed our

---

[1] *See* 340 Ga. App. at 323-24 (1).

decision and remanded the case for this Court to consider AT&T's remaining enumerations of error.[2]

We did so in *New Cingular Wireless PCS, LLC v. Georgia Department of Revenue*, 348 Ga. App. 516 (823 SE2d 833) (2019) ("*New Cingular III*"), in which we upheld the trial court's ruling that AT&T lacked standing to seek refunds for periods prior to the effective date of amendments to the relevant statutes in 2009.[3] But in *New Cingular Wireless PCS, LLC v. Georgia Department of Revenue*, 308 Ga. 729 (843 SE2d 431) (2020) ("*New Cingular IV*"), the Supreme Court again reversed our decision, holding that to the extent we concluded "AT&T lacked standing to file a claim on behalf of its customers for any taxes for periods before May 5, 2009," we did so in error.[4] Accordingly, we now vacate our opinion in *New Cingular III* to the extent it addressed the question of AT&T's standing and adopt as our own the opinion and judgment of the Supreme Court in *New Cingular IV* on this issue.[5]

---

[2] *See* 303 Ga. at 474 (2).

[3] *See* 348 Ga. App. at 520 (1).

[4] 308 Ga. at __ (843 SE2d at 436).

[5] In *New Cingular III*, we also reversed the trial court's ruling that AT&T's claims were barred as a class action, *see* 348 Ga. App. at 521-22 (2), but that portion of our ruling was not appealed to the Supreme Court of Georgia and, therefore, was

2

*Judgment reversed. Reese, P. J., and Coomer, J., concur.*

---

not an issue in *New Cingular IV*, *see* 308 Ga. at __ n.1 (843 SE2d at 433 n.1) ("The Court of Appeals also reversed the trial court's ruling that AT&T's claims were barred as a class action. The Department did not file a petition for certiorari seeking review of that holding, which is not at issue here." (citation omitted)). As a result, our prior ruling reversing the trial court's judgment on that question stands because it is not an issue in this appeal.